IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERMAN HUNT, JR. § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-1408-M |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Herman Hunt, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 1981, petitioner was convicted of aggravated rape and sentenced to 50 years confinement. Since his incarceration, petitioner has been considered for parole three different times. Each time, the parole board voted to deny early release. Petitioner challenged this action in an application for state post-conviction relief. The application was denied without written order. *Ex parte Hunt*, No. WR-19,356-06 (Tex. Crim. App. May 10, 2006). Petitioner then filed this proceeding in federal district court.

II.

In his sole ground for relief, petitioner contends that he has been denied parole based on a deadly weapon finding that is not contained in the judgment. According to petitioner, this violates

-1-

both the *ex post facto* clause of the United States Constitution and the due process clause of the Fourteenth Amendment.[1]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*., 120 S.Ct. at 1523; *see also Pondexter*

---

[1] As part of his answer, respondent contends that certain aspects of petitioner's claim are barred by the AEDPA statute of limitations or for failure to exhaust state remedies. The court need not decide these procedural issues as petitioner is not entitled to federal habeas relief in any event. *See Wheat v. Dretke*, No. 3-05-CV-1315-H, 2005 WL 1667832 at * 1 n. 1 (N.D. Tex. Jul. 15, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1837154 (N.D. Tex. Aug. 3, 2005) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

*v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner was denied parole on February 2, 2002, July 14, 2003, and June 29, 2005. On each occasion, the parole board voted to deny early release for the following reasons:

> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to public safety; *the record indicates the use of a weapon*.
>
> 5D. The record indicates unsuccessful period of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia-revocations.

(St. Hab. Tr. at 022-23) (emphasis added). Petitioner interprets this decision to mean that the parole board found *all* the listed considerations to exist, including use of a weapon. However, as petitioner

correctly notes, the judgment in his case was reformed in 1988 by order of the Texas Court of Criminal Appeals to delete the affirmative finding that a deadly weapon was used or exhibited during the commission of the offense. *See Ex parte Hunt*, No. 70,729 (Tex. Crim. App. Dec. 7, 1988). Because petitioner believes that the parole board based its decision to deny early release on a deadly weapon finding that is no longer contained in the judgment, he maintains that the hearing process was constitutionally infirm.

This claim was first raised by petitioner on state collateral review. In an affidavit presented to the state habeas court, William W. Seigman, Director of Review and Release Processing for the TDCJ-PD, explained that the written notice sent to petitioner tracks the applicable administrative regulations governing the requirements for notification of a parole panel decision. Board Rule 145.6 provides, in pertinent part, that "[r]easons for the parole panel's decision include *but are not limited to*" a variety of factors, including criminal history and the nature of the offense. *See* 37 TAC § 145.6(d). Board Directive 01-.02.01 details the relevant considerations for evaluating the nature of the offense for parole purposes, including whether:

> [t]he record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to public safety; the record indicates the use of a weapon.

BPP-DIR 01.02.01, ¶ 2 (Feb. 20, 2001). The directive makes clear that "[o]ne or more components indicated in each paragraph . . may apply, *but only one is required for . . . denial (D).*" *Id.* (emphasis added). In interpreting the written notice sent to petitioner, Seigman reiterated that not all the enumerated considerations listed in the notice necessarily apply to the decision to deny parole. Indeed,

Seigman acknowledged that the record does not indicate the use of a deadly weapon. (St. Hab. Tr. at 070). The state court accepted this explanation and denied petitioner's application for post-conviction relief.

The state court decision is neither contrary to clearly established federal law nor unreasonable in light of the evidence presented in the state habeas proceeding. To the contrary, it is clear to this court that the parole board did not base its decision on a deadly weapon finding that has been deleted from the judgment. Rather, petitioner was denied parole because of the other reasons specified in the written notification of decision -- that petitioner "committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others" or "the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to public safety." (*See id.* at 022-23). Those considerations, standing alone, are more than sufficient to support the parole board's decision. Consequently, petitioner is not entitled to federal habeas relief.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   November 1, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE